ORIGINAL

Paul L. Kattas, Esq.
Joseph A. Boyle, Esq.
Jacob J. Miles, Esq.
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Attorneys for Plaintiff
Misys Physician Systems, LLC

FILED
AUG 28 2006
U.S. COURT OF
FEDERAL CLAIMS

**IN THE UNITED STATES COURT
OF FEDERAL CLAIMS**

| | |
|---|---|
| **Misys Physician Systems, LLC**<br>**Plaintiff,**<br>**v.**<br>**United States of America,**<br>**Defendant.** | No. 06-604 T<br><br>**COMPLAINT** |

Plaintiff Misys Physician Systems, LLC ("Plaintiff"), by and through its attorneys, Kelley Drye & Warren LLP, for its Complaint against defendant United States of America ("Defendant"), herein alleges as follows:

1. Plaintiff brings this action under sections 6532 and 7422 of the United States Internal Revenue Code (the "Code") (26 U.S.C. §§ 6532 and 7422), for recovery of: (i) federal communications excise tax Plaintiff paid to Defendant United States of America with respect to the taxable quarter ended September 30, 2002 through the taxable quarter ended September 30, 2005 and (ii) statutory interest on such overpayment of tax.

## THE PARTIES

2. Plaintiff is a corporation organized under the laws of the State of North Carolina, with its principal place of business located in Raleigh, North Carolina. Plaintiff's address is 8529 Six Forks Road, Raleigh, North Carolina 27615.

3. For purposes of reporting to the United States Internal Revenue Service (the "IRS"), Plaintiff's Employer Identification Number is 56-1306083, which is reflected on all returns and claims described below.

4. Defendant is the United States of America.

5. The actions complained of herein were taken by representatives of the Commissioner of Internal Revenue.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

7. Venue is proper pursuant to 28 U.S.C. § 1346(a)(1), which states that the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.

## RELIEF SOUGHT

8. Plaintiff seeks to recover an overpayment in an amount to be determined at trial of federal communications excise tax, together with interest as provided by law.

9. Plaintiff paid the communications excise tax at issue during the taxable quarters ended September 30, 2002 through September 30, 2005.

10. During the quarters listed above, Plaintiff purchased intrastate, interstate, and international long distance telephone service and other communications services from various communications service providers ("Plaintiff's Services").

11. The communications service providers apparently classified the services sold to Plaintiff as taxable toll telephone service under sections 4251 and 4252(b) of the Code. Consequently, they collected federal communications excise tax from Plaintiff, reported the taxes on IRS Form 720 and remitted the taxes to the IRS.

12. On October 28, 2005, Plaintiff timely filed claims for refund for the quarter ended September 30, 2002 through the quarter ended September 30, 2005. True and correct copies of these claims for refund are attached hereto as Exhibit A. Plaintiff has reviewed its invoices and determined that it is entitled to a refund with respect to the services provided by its communications service providers.

13. The IRS has not allowed Plaintiff's claims for refund of federal communications excise tax. More than six months have passed since the filing of the refund claims.

14. Section 4251(a) of the Code imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services." 26 U.S.C. § 4251(a)(2).

15. Only those communications services described in section 4252(a), (b) and (c) of the Code are potentially subject to the federal communications excise tax imposed by section 4251 of the Code. 26 U.S.C. § 4251(a) and (b).

16. None of Plaintiff's Services meets the definition of "local telephone service" or "teletypewriter exchange service." 26 U.S.C. § 4252(a) and (c).

17. A service may only be a "toll telephone service" for purposes of the federal communications excise tax if it is described in either section 4252(b)(1) or section 4252(b)(2) of the Code.

18. Section 4252(b)(1) of the Code provides that the term "toll telephone service" means a "telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States." 26 U.S.C. § 4252(b)(1).

19. The charges for Plaintiff's Services did not vary in amount with the distance of each individual communication.

20. Accordingly, none of Plaintiff's Services is described in section 4252(b)(1) of the Code.

21. Section 4252(b)(2) of the Code provides that the term "toll telephone service" includes "a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located." 26 U.S.C. § 4252(b)(2).

22. Plaintiff's Services did not entitle Plaintiff to an unlimited number of calls to a specified area outside a local telephone system area for a charge based on a flat fee or elapsed transmission time.

23. Accordingly, none of Plaintiff's Services is described in section 4252(b)(2) of the Code.

24. By reason of the foregoing, Plaintiff has overpaid its federal communications excise tax for the taxable quarters ended September 30, 2002 through September 30, 2005. Defendant has refused to refund any part of the overpayment.

25. The United States has conceded liability with respect to the applicability of the federal communications excise tax in Notice 2006-50 , I.R.B. 2006-25, May 25, 2006 (attached hereto as Exhibit B). Thus, Plaintiff's Services at issue in this complaint are not subject to the federal communications excise tax and Plaintiff is entitled to a refund.

26. Plaintiff is the sole owner of this claim and has made no assignment or transfer of any part of this claim or any part thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against the United States in an amount to be determined at trial, representing overpayment of tax, or such other amount as may be legally refundable, plus interest as provided by law and costs and attorneys' fees, and for such other and further relief as the Court deems equitable and proper.

Dated: July __, 2006

Respectfully submitted,

By: [signature]

Paul L. Kattas, Esq.
Joseph A. Boyle, Esq.
Jacob J. Miles, Esq.
KELLEY DRYE & WARREN LLP
200 Kimball Drive
Parsippany, New Jersey 07054

Attorneys for Plaintiff
Misys Physician Systems, LLC

Vercuity

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

October 28, 2005

Internal Revenue Service
Cincinnati, OH 45999-0002

Re: Misys Physician Systems, LLC
EIN: 56-1306083
July 2002 through September 2005

Dear Sir or Madam:

Enclosed please find refund claims with respect to the federal communications excise tax for the periods noted above. Also enclosed is a Tax Information Authorization for your files.

Please acknowledge receipt of the enclosed by signing and dating the extra copy of this letter and returning it to me in the postage-paid envelope provided for this purpose.

Sincerely,

Ginnie Mauro
Manager, Tax
770-512-8280 x1
Ginnie.Mauro@Vercuity.com

UNITED STATES POSTAL SERVICE

Home | Help

Track & Confirm

# Track & Confirm

## Search Results

Label/Receipt Number: **EQ00 1485 067U S**
Status: **Delivered**

Your item was delivered at 10:19 am on October 31, 2005 in COVINGTON, KY 41019 to COVINGTON IRS 41019 . The item was signed for by R HACKER.

Additional Details > Return to USPS.com Home >

Track & Confirm
Enter Label/Receipt Number.

Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email. Go >

**Proof of Delivery**

Verify who signed for your item by email, fax, or mail. Go >

POSTAL INSPECTORS Preserving the Trust site map contact us government services jobs National & Premier Accounts

Copyright © 1999-2004 USPS. All Rights Reserved. Terms of Use Privacy Policy

EQ 001485067 US

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

Customer Copy
Label 11-B, March 2004

Post Office To Addressee

DELIVERY (POSTAL USE ONLY)

Delivery Attempt Time AM PM Employee Signature
Mo. Day
Delivery Attempt Time AM Employee Signature

ORIGIN (POSTAL SERVICE USE ONLY)
ZIP Code Day of Delivery Postage

SENDER: COMPLETE THIS SECTION

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Internal Revenue Service
Cincinnati, Ohio 45999-0002

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) B. Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

OCT 31 2005
INTERNAL REVENUE SERVICE

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

Article Number (Copy from service label)
EQ 001485067

Form 3811, July 1999 Domestic Return Receipt 102595-00-M-0952

11/4/2005

Form **2848** (Rev. March 2004) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150
For IRS Use Only
Received by:
Name
Telephone
Function
Date / /

**Part I** **Power of Attorney**

**Caution:** *Form 2848 will not be honored for any purpose other than representation before the IRS.*

1 **Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| MISYS PHYSICIAN SYSTEMS, LLC<br>8529 SIX FORKS ROAD<br>RALEIGH NC 27615 | : : | 56 : 1306083 |
| | Daytime telephone number ( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Mr. Jacob J. Miles Kelley Drye & Warren<br>101 Park Avenue<br>New York, NY 10178-0002 | CAF No. 2005-78883R<br>Telephone No. (212) 808-7574<br>Fax No. (212) 808-7897<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Christine Tormey Kelley Drye & Warren<br>101 Park Avenue<br>New York, NY 10178-0002 | CAF No. 0100-09978R<br>Telephone No. (212) 808-7930<br>Fax No. (212) 8087897<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 **Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Excise Tax | Form 720 and Form 8849 | 07/01/03 THRU 09/30/05 |
| | | |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF . . . . . . ▶ ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: Pertaining to Excise Taxes collected on taxpayer's telecommunications services.

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] Signature | 10/25/05 Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number | Print name of taxpayer from line 1 if other than individual

Signature | Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number

**Part II** **Declaration of Representative**

***Caution:*** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
d Officer—a bona fide officer of the taxpayer's organization.
e Full-Time Employee—a full-time employee of the taxpayer.
f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | NY | [signature] | 11/4/05 |
| a | NY | [signature] | 11/3/05 |
| | | | |



** TOTAL PAGE.05 **

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M I S Y S P H Y S I C I A N S Y S T E M S L L C

Employer identification number (EIN): 5 6 1 3 0 6 0 8 3

Address (number, street, room or suite no.): 8 5 2 9 S I X F O R K S R O A D

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: R A L E I G H N C

ZIP code: 2 7 6 1 5

Foreign country, if applicable. Do not abbreviate.:

Month claimant's income tax year ends:

Daytime telephone number (optional): 7 7 0 5 1 2 8 2 8 0

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

Signature and title (if applicable) [signature] — Date 10/28/05

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| MISYS PHYSICIAN SYSTEMS, LLC | 56-1306083 | $ 81,250.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 07012002  Latest date ► 09302003

**Claimant's registration number** for Section 4091(d) claims. ► ____________

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | JULY 1, 2002 THROUGH SEPTEMBER 30, 2002 | $ 16,250 | 00 | |
| 2 | OCTOBER 1, 2002 THROUGH DECEMBER 31, 2002 | 16,250 | 00 | |
| 3 | JANUARY 1, 2003 THROUGH MARCH 31, 2003 | 16,250 | 00 | |
| 4 | APRIL 1, 2003 THROUGH JUNE 30, 2003 | 16,250 | 00 | |
| 5 | JULY 1, 2003 THROUGH SEPTEMBER 30, 2003 | 16,250 | 00 | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: Misys Physician Systems, LLC
Employer Identification Number: 56-1306083
Type of Return Filed: 8849
Excise Tax: Communications Excise Tax
Period of Claim July 1, 2002 through September 30, 2003
Amount to be Refunded: $ 81,250.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its communications service provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's communications service provider(s) collected such taxes from Claimant on long distance telephone services. The charge for these services did not vary based on time and distance. To constitute a toll telephone service under Code Section 4252(b)(1), the charge for each individual communication must vary in amount with the distance and the transmission time of the individual communication. Thus, where the charges for the long distance telephone services do not vary in amount with the distance of the individual communication, the service does not constitute a toll telephone service within the meaning of Code Section 4252(b)(1). The service is also not a service described in Code section 4252(b)(2) because it did not entitle Claimant, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of unlimited telephonic communications to or from a substantial portion of the persons in a specified area outside Claimant's local telephone system area. As a result, the service is not subject to the Communications Services Excise Tax.

Furthermore, Claimant's communications service provider(s) collected Communications Services Excise Taxes on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

This claim for refund is consistent with the decision in *American Bankers Insurance Group v. United States*, U.S. Court of Appeals, Eleventh Circuit; 04-10720, May 10, 2005; and numerous other cases that have considered whether both distance and time sensitivity are required in order for a telecommunications transmission to constitute a taxable toll telephone service. See e.g., *Office Max v. United States*, 309 F.Supp.2d 984 (N.D. Ohio 2004); *National Railroad Passenger Corp. v. United States*, 338 F.Supp.2d 22 (D.D.C. 2004); and *Reese Brothers, Inc. v. United States*, No. 03-CV-745, (W.D.Pa. Nov. 30, 2004). It is inconsistent with Technical Advice Memoranda 79-404 (January 1, 1979), 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

Claimant requests a refund of all Communications Service Excise Tax paid (directly or indirectly) excluding only: 1) Communications Service Excise Tax paid with respect to long-distance service to the extent the charge for such service varies based on the distance of each

individual communication; and 2) Communications Service Excise Tax paid with respect to local telephone service (but only if such local telephone service does not simultaneously qualify as a private communication service, as defined in Code Section 4252(d)). None of the services provided to Claimant constitute a toll telephone service, within the meaning of Code Section 4252(b)(2), because in no event does Claimant have the right, "upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specific area which is outside the local telephone system area in which the station provided with this service is located."

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M I S Y S   P H Y S I C I A N   S Y S T E M S   L L C

Employer identification number (EIN): 5 6 1 3 0 6 0 8 3

Address (number, street, room or suite no.): 8 5 2 9   S I X   F O R K S   R O A D

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: R A L E I G H   N C

ZIP code: 2 7 6 1 5

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends:

Daytime telephone number (optional): 7 7 0 5 1 2 8 2 8 0

**Caution:** *Do not use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720)****, Claims,* ***Form 4136****, Credit for Federal Tax Paid on Fuels,* ***Form 2290****, Heavy Highway Vehicle Use Tax Return, or* ***Form 730****, Monthly Tax Return On Wagers.*

## Schedules Attached

Check (✓) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4081(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] Signature and title (if applicable)  10/21/05 Date

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| MISYS PHYSICIAN SYSTEMS, LLC | 56-1306083 | $ 81,250.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 10012003 Latest date ► 12312004

**Claimant's registration number** for Section 4091(d) claims. ► ______

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | OCTOBER 1, 2003 THROUGH DECEMBER 31, 2003 | $ 16,250 | 00 | |
| 2 | JANUARY 1, 2004 THROUGH MARCH 31, 2004 | 16,250 | 00 | |
| 3 | APRIL 1, 2004 THROUGH JUNE 30, 2004 | 16,250 | 00 | |
| 4 | JULY 1, 2004 THROUGH SEPTEMBER 30, 2004 | 16,250 | 00 | |
| 5 | OCTOBER 1, 2004 THROUGH DECEMBER 31, 2004 | 16,250 | 00 | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use* **Form 720X,** *Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: Misys Physician Systems, LLC
Employer Identification Number: 56-1306083
Type of Return Filed: 8849
Excise Tax: Communications Excise Tax
Period of Claim: October 1, 2003 through December 31, 2004
Amount to be Refunded: $ 81,250.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its communications service provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's communications service provider(s) collected such taxes from Claimant on long distance telephone services. The charge for these services did not vary based on time and distance. To constitute a toll telephone service under Code Section 4252(b)(1), the charge for each individual communication must vary in amount with the distance and the transmission time of the individual communication. Thus, where the charges for the long distance telephone services do not vary in amount with the distance of the individual communication, the service does not constitute a toll telephone service within the meaning of Code Section 4252(b)(1). The service is also not a service described in Code section 4252(b)(2) because it did not entitle Claimant, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of unlimited telephonic communications to or from a substantial portion of the persons in a specified area outside Claimant's local telephone system area. As a result, the service is not subject to the Communications Services Excise Tax.

Furthermore, Claimant's communications service provider(s) collected Communications Services Excise Taxes on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

This claim for refund is consistent with the decision in *American Bankers Insurance Group v. United States*, U.S. Court of Appeals, Eleventh Circuit; 04-10720, May 10, 2005; and numerous other cases that have considered whether both distance and time sensitivity are required in order for a telecommunications transmission to constitute a taxable toll telephone service. See e.g., *Office Max v. United States*, 309 F.Supp.2d 984 (N.D. Ohio 2004); *National Railroad Passenger Corp. v. United States*, 338 F.Supp.2d 22 (D.D.C. 2004); and *Reese Brothers, Inc. v. United States*, No. 03-CV-745, (W.D.Pa. Nov. 30, 2004). It is inconsistent with Technical Advice Memoranda 79-404 (January 1, 1979), 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

Claimant requests a refund of all Communications Service Excise Tax paid (directly or indirectly) excluding only: 1) Communications Service Excise Tax paid with respect to long-distance service to the extent the charge for such service varies based on the distance of each

individual communication; and 2) Communications Service Excise Tax paid with respect to local telephone service (but only if such local telephone service does not simultaneously qualify as a private communication service, as defined in Code Section 4252(d)). None of the services provided to Claimant constitute a toll telephone service, within the meaning of Code Section 4252(b)(2), because in no event does Claimant have the right, "upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specific area which is outside the local telephone system area in which the station provided with this service is located."

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Form **8849** (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Claim for Refund of Excise Taxes

OMB No. 1545-1420

Print clearly. Leave a blank box between words.

Name of claimant: M I S Y S P H Y S I C I A N S Y S T E M S L L C

Employer identification number (EIN): 5 6 1 3 0 6 0 8 3

Address (number, street, room or suite no.): 8 5 2 9 S I X F O R K S R O A D

Social security number (SSN):

City and state or province. If you have a foreign address, see page 2.: R A L E I G H N C

ZIP code: 2 7 6 1 5

Foreign country, if applicable. Do not abbreviate.

Month claimant's income tax year ends

Daytime telephone number (optional): 7 7 0 5 1 2 8 2 8 0

**Caution:** ***Do not*** *use Form 8849 to make adjustments to liability reported on Forms 720 for prior quarters or to claim any amounts that were or will be claimed on* ***Schedule C (Form 720),*** *Claims,* ***Form 4136,*** *Credit for Federal Tax Paid on Fuels,* ***Form 2290,*** *Heavy Highway Vehicle Use Tax Return, or* ***Form 730,*** *Monthly Tax Return On Wagers.*

## Schedules Attached

Check (√) the appropriate box(es) for the schedule(s) you attach to Form 8849. Only attach the schedules on which you are claiming a refund. Schedules 2, 3, 5, and section 4091(d) claims on Schedule 6 cannot be filed with any other schedules on Form 8849. File each of these schedules with a separate Form 8849.

| | | |
|---|---|---|
| **Schedule 1** | Nontaxable Use of Fuels | ☐ |
| **Schedule 2** | Sales by Registered Ultimate Vendors of Undyed Diesel Fuel and Undyed Kerosene | ☐ |
| **Schedule 3** | Gasohol Blending | ☐ |
| **Schedule 4** | Sales by Gasoline Wholesale Distributors | ☐ |
| **Schedule 5** | Section 4081(e) Claims | ☐ |
| **Schedule 6** | Other Claims | ☑ |

**Sign Here**

Under penalties of perjury, I declare (1) that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and (2) that amounts claimed on this form have not been, and will not be, claimed on any other form.

[signature] 10/25/05

Signature and title (if applicable) Date

Type or print your name below signature.

Schedule 6 (Form 8849) (Rev. January 2003)

Department of the Treasury—Internal Revenue Service

# Other Claims

► Attach to Form 8849.

OMB No. 1545-1420

| Name as shown on Form 8849 | EIN or SSN | Total refund (total of lines 1–5) |
|---|---|---|
| MISYS PHYSICIAN SYSTEMS, LLC | 56-1306083 | $ 48,750.00 |

Enter the earliest and latest **dates of the events** included in this claim. Enter in MMDDYYYY format.

Earliest date ► 01012005 Latest date ► 09302005

**Claimant's registration number** for Section 4091(d) claims. ►

| | Tax | Amount of refund | | CRN |
|---|---|---|---|---|
| 1 | JANUARY 1, 2005 THROUGH MARCH 31, 2005 | $ 16,250 | 00 | |
| 2 | APRIL 1, 2005 THROUGH JUNE 30, 2005 | 16,250 | 00 | |
| 3 | JULY 1, 2005 THROUGH SEPTEMBER 30, 2005 | 16,250 | 00 | |
| 4 | | | | |
| 5 | | | | |

Use the space below for an explanation of each tax claimed.

For claims under section 6416(b)(2) relating to certain uses and resales of certain articles subject to manufacturers or retailers taxes, claimant certifies that it sold the article at a tax-excluded price, repaid the amount of tax to the ultimate vendor, or has obtained the written consent of the ultimate vendor to make the claim; and has the required supporting evidence.

SEE ATTACHED

## Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

**Purpose of schedule.** Use Schedule 6 for claims not reportable on Schedules 1–5, including refunds of excise taxes reported on:

- **Form 720,** Quarterly Federal Excise Tax Return, including section 4091(d) claims;
- **Form 2290,** Heavy Highway Vehicle Use Tax Return;
- **Form 730,** Monthly Tax Return for Wagers; and
- **Form 11-C,** Occupational Tax and Registration Return for Wagering.

**Caution:** *Do not use Schedule 6 to make adjustments to liability reported on Forms 720 filed for prior quarters. Use **Form 720X,** Amended Quarterly Federal Excise Tax Return. Also, do not use Schedule 6 to claim amounts that were taken or will be taken as a credit on Form 2290 or Form 730.*

**Claim requirements.** Generally, a claim must be filed within 3 years of the filing of the return to which the claim relates, or 2 years from when the tax reported on that return was paid, whichever is later.

**How to file.** Attach Schedule 6 to Form 8849. Mail it to the IRS at the address under **Where To File** in the Form 8849 instructions. If you are filing a Section 4091(d) claim, write "Section 4091(d)" at the top of Form 8849 and on the envelope. If you attach additional sheets, write your name and taxpayer identification number on each sheet.

Form 8849 Attachment

Name of Claimant: Misys Physician Systems, LLC
Employer Identification Number: 56-1306083
Type of Return Filed: 8849
Excise Tax: Communications Excise Tax
Period of Claim: January 1, 2005 through September 30, 2005
Amount to be Refunded: $ 48,750.00 plus interest (See last paragraph of this Attachment.)

This claim is for taxes collected from Claimant, whether directly or through its communications service provider, in connection with excise taxes on communications services (the "Communications Services Excise Tax") pursuant to Section 4251 of the Internal Revenue Code of 1986, as amended (the "Code"). Claim is also made for interest on the overpaid taxes.

Claimant's communications service provider(s) collected such taxes from Claimant on long distance telephone services. The charge for these services did not vary based on time and distance. To constitute a toll telephone service under Code Section 4252(b)(1), the charge for each individual communication must vary in amount with the distance and the transmission time of the individual communication. Thus, where the charges for the long distance telephone services do not vary in amount with the distance of the individual communication, the service does not constitute a toll telephone service within the meaning of Code Section 4252(b)(1). The service is also not a service described in Code section 4252(b)(2) because it did not entitle Claimant, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of unlimited telephonic communications to or from a substantial portion of the persons in a specified area outside Claimant's local telephone system area. As a result, the service is not subject to the Communications Services Excise Tax.

Furthermore, Claimant's communications service provider(s) collected Communications Services Excise Taxes on its virtual private network ("VPN") services. Code Section 4251 does not impose the Communications Services Excise Tax with respect to "private communication services," within the meaning of Code Section 4252(d). VPN services qualify as "private communication services," and, as a result, these services are exempt from the Communications Services Excise Tax.

This claim for refund is consistent with the decision in *American Bankers Insurance Group v. United States*, U.S. Court of Appeals, Eleventh Circuit; 04-10720, May 10, 2005; and numerous other cases that have considered whether both distance and time sensitivity are required in order for a telecommunications transmission to constitute a taxable toll telephone service. See e.g., *Office Max v. United States*, 309 F.Supp.2d 984 (N.D. Ohio 2004); *National Railroad Passenger Corp. v. United States*, 338 F.Supp.2d 22 (D.D.C. 2004); and *Reese Brothers, Inc. v. United States*, No. 03-CV-745, (W.D.Pa. Nov. 30, 2004). It is inconsistent with Technical Advice Memoranda 79-404 (January 1, 1979), 9543002 (October 27, 1995) and 9524004 (March 9, 1995), but Claimant believes that the IRS's position in these Technical Advice Memoranda is incorrect.

Claimant requests a refund of all Communications Service Excise Tax paid (directly or indirectly) excluding only: 1) Communications Service Excise Tax paid with respect to long-distance service to the extent the charge for such service varies based on the distance of each

individual communication; and 2) Communications Service Excise Tax paid with respect to local telephone service (but only if such local telephone service does not simultaneously qualify as a private communication service, as defined in Code Section 4252(d)). None of the services provided to Claimant constitute a toll telephone service, within the meaning of Code Section 4252(b)(2), because in no event does Claimant have the right, "upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specific area which is outside the local telephone system area in which the station provided with this service is located."

The Communication Service Excise Tax is a collected tax. This claim is filed pursuant to Rev. Rul. 60-58, 1960-1 CB 638.

Due to the volume and nature of this claim, the relevant invoices and back-up documentation have not been included with the claim. They are available for review upon request. Please note that the exact amount of taxes has not yet been determined. Therefore, the amount of the claim is only an approximation. Claimant reserves the right to amend the amount of the claim.

Part III - Administrative, Procedural, and Miscellaneous

Communications Excise Tax; Toll Telephone Service

Notice 2006-50

SECTION 1. PURPOSE

(a) In general. As further described in this notice, the Internal Revenue Service will follow the holdings of Am. Bankers Ins. Group v. United States, 408 F.3d 1328 (11th Cir. 2005) (ABIG); OfficeMax, Inc. v. United States, 428 F.3d 583 (6th Cir. 2005); Nat'l R.R. Passenger Corp. v. United States, 431 F.3d 374 (D.C. Cir. 2005) (Amtrak); Fortis v. United States, 2006 U.S. App. LEXIS 10749 (2d Cir. Apr. 27, 2006); and Reese Bros. v. United States, 2006 U.S. App. LEXIS 11468 (3d Cir. May 9, 2006). These cases hold that a telephonic communication for which there is a toll charge that varies with elapsed transmission time and not distance (time-only service) is not taxable toll telephone service as defined in § 4252(b)(1) of the Internal Revenue Code. As a result, amounts paid for time-only service are not subject to the tax imposed by § 4251. Accordingly, the government will no longer litigate this issue and Notice 2005-79, 2005-46 I.R.B. 952, which states otherwise, is revoked.

(b) Credits and refunds. Taxpayers may be entitled to request credit or refund of the excise taxes paid for the services covered by this notice. This notice provides guidance regarding these requests. In addition, the Commissioner will authorize the scheduling of an overassessment under § 6407

to keep the period of limitations open for these requests. This overassessment will apply to all taxpayers and to all taxes paid for the services covered by this notice beginning with the tax paid on services that were billed to customers after February 28, 2003.

SECTION 2. BACKGROUND

(a) In general--(1) Tax imposed. Section 4251(a)(1) imposes a tax on amounts paid for communications services.

(2) Payment of tax. Section 4251(a)(2) provides that the tax imposed shall be paid by the person paying for the service (taxpayer). Section 4251(b)(2) provides that the applicable percentage is 3 percent of amounts paid for communications services.

(3) Collection of tax. Section 4291 provides that the tax is collected by the person receiving the payment (collector). In most cases, the collector, which is also responsible for paying over the tax to the government, is the telecommunications company that provides the communications services to the taxpayer.

(b) Definitions--(1) Communications services. Section 4251(b)(1) provides that the term communications services means (A) local telephone service; (B) toll telephone service; and (C) teletypewriter exchange service. This notice does not address teletypewriter exchange service.

(2) Local telephone service. Section 4252(a) provides that local telephone service means (1) the access to a local telephone system, and the privilege of telephonic quality communication with substantially all persons having telephone

or radio telephone stations constituting a part of such local telephone system; and (2) any facility or service provided in connection with such a service. Local telephone service does not include any service that is a toll telephone service as defined in § 4252(b) or a private communications service as defined in § 4252(d). This notice does not address private communications service.

(3) Toll telephone service--(i) Time and distance. Section 4252(b)(1) provides that toll telephone service includes a telephonic quality communication for which there is a toll charge that varies in amount with the distance and elapsed transmission time of each individual communication and for which the charge is paid within the United States.

(ii) Periodic charge for a specified area. Section 4252(b)(2) provides that toll telephone service also includes a service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time), to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

(c) Rev. Rul. 79-404. Rev. Rul. 79-404, 1979-2 C.B. 382, concludes that a long distance telephone call for which the charge varies with elapsed transmission time but not with distance is toll telephone service described in § 4252(b)(1).

(d) Notice of proposed rulemaking. In a notice of proposed rulemaking (68 FR 15690; April 1, 2003), the Service proposed an amendment to the Facilities and Services Excise Taxes Regulations to provide that toll telephone service described in section 4252(b)(1) may include a communication service for which the charge does not vary with the distance of each individual communication.

(e) Recent litigation. ABIG, OfficeMax, Amtrak, and Reese Bros. hold time-only service is not toll telephone service as defined in § 4252(b)(1). Further, ABIG, OfficeMax, and Reese Bros. hold that the communications service provided was not a service described in § 4252(b)(2) because the end result was not a "periodic charge" based on total elapsed time but rather a monthly bill based on a summation of toll charges for individual communications. (In Amtrak, toll telephone service described in § 4252(b)(2) would have been exempt from tax under the common carrier exception in § 4253(f).) ABIG, OfficeMax, Amtrak, and Reese Bros. also hold that the communications services provided were not local service, notwithstanding the access the services provided to the local telephone system. (Fortis affirms, in a per curiam opinion, a district court decision reaching the same results.)

(f) Notice 2005-79. Notice 2005-79, 2005-46 I.R.B. 952, states that the Service will continue to assess and collect the tax imposed by § 4251 on all taxable communications services, including those similar to the services in ABIG.

SECTION 3. TERMS DEFINED

The following terms are defined solely for purposes of this notice:

(a) Bundled service. Bundled service is local and long distance service provided under a plan that does not separately state the charge for the local telephone service. Bundled service includes, for example, Voice over Internet Protocol service, prepaid telephone cards, and plans that provide both local and long distance service for either a flat monthly fee or a charge that varies with the elapsed transmission time for which the service is used. Telecommunications companies provide bundled service for both landline and wireless (cellular) service.

(b) Local-only service. Local-only service is local telephone service, as defined in § 4252(a), provided under a plan that does not include long distance telephone service or that separately states the charge for local service on its bill to customers. The term also includes services and facilities provided in connection with service described in the preceding sentence even though these services and facilities may also be used with long distance service. See, for example, Rev. Rul. 72-537, 1972-2 C.B. 574 (telephone amplifier); Rev. Rul. 73-171, 1973-1 C.B. 445 (automatic call distributing equipment); and Rev. Rul. 73-269, 1973-1 C.B. 444 (special telephone).

(c) Long distance service. Long distance service is telephonic quality communication with persons whose telephones are outside the local telephone system of the caller.

(d) Nontaxable service. Nontaxable service means bundled service and long distance service.

SECTION 4. EFFECT OF ABIG, OFFICEMAX, AMTRAK, FORTIS, AND REESE BROS.

(a) Tax treatment of communications service after ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. The Service will follow ABIG, OfficeMax, Amtrak, Fortis, and Reese Bros. Accordingly, taxpayers are no longer required to pay tax under § 4251 for nontaxable service. In addition, collectors or taxpayers may request a refund of tax paid under § 4251 on nontaxable service that was billed to the taxpayers during the period after February 28, 2003, and before August 1, 2006 (the relevant period).

(b) Tax on local-only service. Collectors should continue to collect and pay over the § 4251 tax on amounts paid for local-only service. As noted in section 3(b) of this notice, local-only service includes amounts paid for facilities or services provided in connection with local telephone service. Thus, for example, tax will continue to be imposed on amounts paid by a taxpayer for renting an amplifier phone provided in connection with local telephone service that is subject to tax.

(c) Effect on collectors. Collectors are directed to cease collecting and paying over tax under § 4251 on nontaxable service that is billed after July 31, 2006, and are not required to report to the IRS any refusal by their customers to pay any tax on nontaxable service that is billed after May 25, 2006. Collectors should not pay over to the IRS any tax on nontaxable service that is billed after July 31, 2006. The form will require collectors to certify that for the third quarter of 2006 that the § 4251 tax reported on the Form 720 does not include any tax on

nontaxable service that was billed after July 31, 2006. Consequently, the IRS will deny all taxpayer requests for refund of tax on nontaxable service that was billed after July 31, 2006. All such requests should be directed to the collector. In addition, collectors may repay to taxpayers the tax on nontaxable service that was billed before August 1, 2006, but are not required to repay such tax. Collectors may also request a refund or make an adjustment to their separate accounts, as appropriate, subject to the provisions of § 6415 and section 5(d)(4) of this notice. Collectors must continue to collect and pay over tax under § 4251 on amounts paid for local only service.

SECTION 5. REQUESTS FOR CREDIT OR REFUND

(a) In general--(1) Request must follow this notice. The Commissioner agrees to credit or refund the amounts paid for nontaxable service if the taxpayer requests the credit or refund in the manner prescribed in this Notice.

(2) Form of request. Taxpayers may request a credit or refund of tax on nontaxable service that was billed after February 28, 2003, and before August 1, 2006, only on their 2006 Federal income tax returns. For this purpose, the 2006 income tax return is the income tax return for calendar year 2006 or for the first taxable year including December 31, 2006. Forms 1040 (series), 1041, 1065, 1120 (series), and 990-T will include a line for requesting the overpayment amount. Persons that are not otherwise required to file a federal income tax return must nevertheless file a return to obtain the credit or refund. Except as provided in section 5(d)(4) of this notice, a request for this credit or refund on any other form (such as a Form 720, 843, or 8849) will not be processed by the

Service. Taxpayers will be permitted to request the safe harbor amount under paragraph (c) of this section only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006.

(3) Guidance on the form. The instructions to the respective federal income tax return forms will provide additional guidance. The forms and instructions will require taxpayers to certify that (1) the taxpayer has not received from the collector a credit or refund of the tax paid on nontaxable service billed during the relevant period and (2) the taxpayer will not ask the collector for a credit or refund of that tax and has withdrawn any such request that was previously submitted. The instructions will also require that taxpayers, except for those individuals using the safe harbor amount, retain records that substantiate the request. These records should include bills from the collector that show the amount of tax charged for nontaxable service for each month during the relevant period and receipts, canceled checks, or other evidence that the amount requested was actually paid.

(b) Period of request. The Commissioner will authorize the scheduling of an overassessment under § 6407 to preserve the period of limitations during which taxpayers may request refunds of the tax on nontaxable service that was billed to customers after February 28, 2003, and before August 1, 2006. Therefore, requests may be made for credits or refunds of tax paid for nontaxable service billed after February 28, 2003 and before August 1, 2006.

(c) Amount of the request--(1) Requests by individual taxpayers--(i) Safe harbor amount. Individual taxpayers may request a safe harbor amount. No

documentation will be required to be submitted or kept to support the safe harbor request. However, taxpayers will be permitted to request the safe harbor amount only if they have paid all taxes billed by their service provider after February 28, 2003, and before August 1, 2006; have not received a credit or refund of these taxes from the service provider, and either have not requested such a credit or refund from the service provider or have withdrawn any such request. The amount of this safe harbor is still under consideration and will be announced in later guidance.

(ii) Actual amount. Taxpayers that do not request the safe harbor amount may request a credit or refund of the actual amount of tax they paid.

(d) How to file--(1) Requests by individual taxpayers. Individual taxpayers may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006 Form 1040, 1040A, or 1040-EZ, Individual Income Tax Return. Individuals who are not otherwise required to file a federal income tax return must nevertheless file Form 1040EZ-T to request the credit or refund. Individual taxpayers, including Schedule C filers, may request either the safe harbor amount or the actual amount of tax paid for nontaxable service.

(2) Requests by taxpayers other than individual taxpayers. Taxpayers other than individual taxpayers (entities) may request only the actual amount of tax paid on nontaxable service billed during the relevant period. No safe harbor amount is allowed for entities.

(3) Requests by entities--(i) In general. Entities may request a credit or refund of federal excise taxes paid on nontaxable service only on their 2006

income tax returns. Any part of the credit or refund attributable to tax payments that were deducted as an ordinary and necessary business expense (including in the determination of unrelated business taxable income) must be included in income for the taxable year in which the refund is received or accrued to the extent that the tax payments reduced the amount of federal income tax (or unrelated business income tax) imposed.

(ii) Partnerships. A partnership, as defined in § 7701(a)(2), may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1065, U.S. Return of Partnership Income. Any amount of the credit or refund included in partnership income and any interest on the credit or refund must be reported on the partnership's return for the taxable year in which received or accrued and must be allocated to its partners on the Schedule K-1, Partner's Share of Income, Credits, Deductions, etc., for that taxable year.

(iii) S Corporations. An S Corporation, as defined in § 1361, may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120S, U.S. Income Tax Return for an S Corporation. Any amount of the credit or refund included in S Corporation income and any interest on the credit or refund must be reported on the S Corporation's return for the taxable year in which received or accrued and must be allocated to its shareholders on the Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., for that taxable year.

(iv) Estates and trusts. An estate or a trust, as defined in § 301.7701-4(a) of the Procedure and Administration Regulations, may request a credit or refund

of federal excise taxes paid on nontaxable service only on its 2006 Form 1041, U.S. Income Tax Return for Estates and Trusts. Any amount of the credit or refund included in the estate's or trust's income and any interest on the credit or refund must be reported on the estate's or trust's Form 1041, U.S. Income Tax Return for Estates and Trusts, for the taxable year in which received or accrued. However, for a trust that is treated as owned by the grantor or other person under subpart E (§ 671 and following), part I, subchapter J, chapter 1 of the Internal Revenue Code (grantor trust), the owner of the trust may request a credit or refund of federal excise taxes treated as paid by the owner for nontaxable service only on its applicable 2006 federal tax return.

(v) Tax exempt organizations. An organization that is described in § 501(a) may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 990-T, Exempt Organization Business Income Tax Return. Tax exempt organizations that are not otherwise required to file a federal income tax return must nevertheless file Form 990-T to request the credit or refund. Any amount of the credit or refund included in the organization's unrelated business taxable income must be reported on the organization's Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued. An organization that is subject to tax on its interest income must also report any interest on the credit or refund on its Form 990-T, Exempt Organization Business Income Tax Return, for the taxable year in which received or accrued.

(vi) Corporations. A corporation, as defined in § 7701(a)(3), that is not described in section 5(d)(3)(iii) of this notice may request a credit or refund of federal excise taxes paid on nontaxable service only on its 2006 Form 1120 (series) income tax return (generally, Form 1120, U.S. Corporation Income Tax Return). Any amount of the credit or refund included in the corporation's income and any interest on the credit or refund must be reported on the corporation's income tax return for the taxable year in which received or accrued. Corporations that are not otherwise required to file a federal income tax return must nevertheless file Form 1120 (series) to request the credit or refund

(vii) Other nonfiling entities. Entities that are not otherwise required to file a federal income tax return must file Form 990-T to request the credit or refund.

(4) Requests and adjustments by collectors--(i) Section 6415 conditions to allowance. The conditions to allowance described in § 6415 apply to all requests and adjustments by collectors, as defined by section 2(a)(3) of this notice. Thus, a request by a collector is allowed only if the person that paid over the tax establishes that it has repaid the amount of the tax to the person from whom the tax was collected, or obtains the written consent of such person to the allowance of the credit or refund.

(ii) Requests for regular method collectors--(A) In general. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts actually collected under § 40.6302(c)-1(a)(2)(i) of the Excise Tax Procedural Regulations (regular method collectors) may request a credit or refund.

(B) Form of the request. Regular method collectors may use Form 720X, Amended Quarterly Federal Excise Tax Return, line 1, IRS No. 22, for credit or refund of amounts collected and repaid to taxpayers.

(iii) Account adjustments for alternative method collectors. A person that collected the tax imposed by § 4251 on nontaxable service and paid it over to the government based on amounts considered as collected under § 40.6302(c)-1(a)(2)(ii) (alternative method collectors) may adjust the separate account for the amount of an overpayment. The required adjustment to the separate account is described in § 40.6302(c)-3(b)(2)(ii)(C). The adjustment is reflected on Form 720, Schedule A, line 2, but may not reduce tax liability on Form 720 below zero.

(e) Interest on the credit or refund included in income. If a taxpayer requests a credit or refund of the actual amount of tax paid, interest on the credit or refund of the tax paid for nontaxable service must be included as income on the taxpayer's income tax return for the taxable year in which the interest is received or accrued. Thus, individuals are generally required to report the interest on their 2007 income tax returns.

(f) Estimated tax effects. Although the credit or refund allowed to a taxpayer under this notice will be requested on the taxpayer's income tax return, it is not a credit against tax for purposes of §§ 6654 and 6655. Accordingly, the taxpayer may not take the credit or refund into account in determining the amount of the required installments of estimated tax for 2006. In determining the amount of the required installments of estimated tax for 2007, the income

attributable to the credit or refund is taken into account on the date the income is paid or credited in the case of a cash method taxpayer and on the date the return making the request is filed in the case of an accrual method taxpayer.

(g) Requests that do not follow the provisions of this notice. Requests that do not follow the provisions of this notice (whether filed before or after its publication)--

(1) Will not be processed to the extent they relate to the tax paid on nontaxable service that was billed after February 28, 2003; and

(2) Will be processed normally to the extent they relate to the tax paid on nontaxable service that was billed before March 1, 2003.

SECTION 6. EFFECT ON OTHER DOCUMENTS

Notice 2005-79, 2005-46 I.R.B. 952, is revoked. Rev. Rul. 79-404, 1979-2 C.B. 382, will be revoked in a later revenue ruling.

SECTION 7. DRAFTING INFORMATION

The principal author of this notice is Taylor Cortright of the Office of the Associate Chief Counsel (Passthroughs and Special Industries). For further information regarding this notice, contact (202) 622-3130 (not a toll-free call).